## In re MASHBIR.

(Supreme Court, Appellate Division, First Department.   October 20, 1899.)

ATTORNEY—SUSPENSION AND DISBARMENT.
   In proceedings to disbar, evidence of grave malpractice, for which an attorney may be disbarred for life, should establish guilt beyond a reasonable doubt.

Motion to disbar Eliazer Mashbir. The motion was sustained, and said Mashbir was suspended for two years.

Argued before VAN BRUNT, P. J., and BARRETT, PATTERSON, McLAUGHLIN, and INGRAHAM, JJ.

Peter B. Olney, for the motion.
Edward Lauterbach, opposed.

PER CURIAM. We have held this voluminous record for quite an unusual length of time, owing to the fact that, as the evidence and report were not printed, but came to us as a single document, each member of the court was compelled to read it in turn. We felt it to be our duty to give the attorney the benefit of an independent perusal of the entire record by each of the justices. The result, after the fullest consideration, is our conviction that the first charge is sustained. We refer to the charge of "deceit and malpractice in swearing to and submitting for taxation a false and fraudulent bill of costs, and in subsequently making and submitting two other false and fraudulent affidavits in connection with the same matter, after his attention has been called to the false statements contained in the said bill of costs." We can add nothing to the clear, elaborate, and convincing review of the evidence on this head furnished by the learned referee. While we might have overlooked,

as a mere act of culpable carelessness, the first affidavit sworn to by the attorney, it is impossible to take this charitable view of the second and third affidavits which followed. The attorney knew that his first affidavit was questioned. The subsequent explanatory affidavits consequently called for care and thought. They were intended to meet the criticisms placed upon the first affidavit, and to settle the contested facts with accuracy and precision. The proof is abundant that, in making these subsequent affidavits, the attorney either deposed (positively) to what he knew to be untrue, or, without personal knowledge or verification of the facts, recklessly deposed to what was in fact untrue.

As to the second and third charges, the case is closer. These charges are far graver than the first, and, if sustained, would certainly call for disbarment. There is, we must say, evidence tending, and with some force, to support these charges. In view, however, of the peculiar nature of this evidence, of the character of some of the witnesses relied on by the prosecutor, and of the conflict with respect to their testimony, we do not feel that certainty upon the subject which would justify conviction. The case upon this head may well be said to inspire a reasonable doubt of the attorney's guilt; and, although this is not technically a criminal trial, we cannot but think that so serious a consequence as the deprivation for life of a man's vocation should only result from grave malpractice, established beyond a reasonable doubt.

Upon the whole, our conclusion is that the second and third charges should be dismissed, and that for the offense specified in the first charge the attorney should be suspended from the practice of his profession for the period of two years.